# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GEORGE FATULA III,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1385** (BOR Appeal No. 2047204)
              (Claim No. 2011006521)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner George Fatula III, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Edward M. George, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 22, 2012, in which the Board affirmed an April 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 5, 2011, decision which held compensable the diagnoses of neck sprain and contusion of face, scalp, and neck except eyes and denied the request to add the diagnoses cervical disc displacement, brachial neuritis or radiculitis as compensable components. In a separate December 5, 2011, decision, the claims administrator denied the authorization for anterior cervical discectomy with fusion and plating. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fatula worked as a coal miner for McElroy Coal Company. On May 1, 2010, a rock fell from the mine ceiling and struck Mr. Fatula in the head. The claims administrator held the diagnoses of neck sprain and contusion of face, scalp, and neck except eyes compensable and denied the request to add the diagnoses cervical disc displacement and brachial neuritis or

radiculitis as compensable components of the claim. The claims administrator decision also denied the authorization for anterior cervical discectomy with fusion and plating.

The Office of Judges affirmed the claims administrator's decision and held that Mr. Fatula has not demonstrated that the cause of surgery was due to the compensable injury nor has he demonstrated that cervical disc displacement and brachial neuritis or radiculitis should be found compensable. The Office of Judges also modified the claims administrator's decision and found insufficient medical evidence to authorize the surgery. On appeal, Mr. Fatula disagrees and asserts that Bruce Guberman, M.D., found he had not reached maximum medical improvement and that the surgery was directly causally related to the compensable injury. Mr. Fatula further asserts that neck sprain was merely an initial diagnosis prior to diagnostic studies and that the treating physician filed a diagnostic update for cervical disc displacement and brachial neuritis or radiculitis. McElroy Coal Company maintains that Mr. Fatula failed to provide sufficient evidence to authorize the additional diagnoses and that Ronald Hargraves, M.D., and Dr. Guberman failed to provide any type of explanation as to how the compensable injury caused the necessity for the surgery.

Dr. Hargraves and Dr. Guberman requested authorization for the anterior cervical discectomy with fusion and plating. The Office of Judges found that Dr. Hargraves and Dr. Guberman failed to provide an explanation of how the compensable injury caused the need for the surgery. The Office of Judges held that Mr. Fatula failed to provide sufficient medical evidence to authorize the anterior cervical discectomy with fusion.

An MRI revealed impressions of advanced multi-level cervical disc disease and canal stenosis but did not show any herniated discs. Dr. Guberman requested the diagnoses of cervical disc displacement and brachial neuritis or radiculitis be added as compensable components but failed to explain how the advanced multi-level cervical disc that was seen on the initial MRI is in fact due to the compensable injury. The Office of Judges concluded, in light of the diagnostic studies and lack of any explanation as to how the additional diagnoses are related to the compensable injury, that Mr. Fatula failed to provide sufficient medical evidence to add cervical disc displacement and brachial neuritis or radiculitis as compensable components. The Board of Review reached the same reasoned conclusions in its decision of October 22, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum